## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KL, a minor, by and through his parents and natural guardians, JOSEPH and STACEY LOCKER<br>　　　　　Plaintiffs<br>vs. | |
| **DUNMORE SCHOOL DISTRICT,** | **JURY TRIAL DEMANDED** |
| **CHRISTOPHER LUCAS, in his Official and Individual capacities,** | **(Electronically Filed)** |
| **KRISTIE MALDONADO,** individually and as parents and natural guardians of JM, a minor,<br>　　　　　Defendants | |

## COMPLAINT

AND NOW, come the Plaintiffs JOSEPH and STACEY LOCKER, as parents and natural guardians of KL, by and through their attorneys, Jason J. Mattioli, Esquire, Michael J. Ossont, Esquire and David S. Sweetman, Esquire of the Mattioli Law Firm, and files the following Complaint against DUNMORE SCHOOL DISTRICT (hereinafter referred to as "Dunmore"); CHRISTOPHER LUCAS (hereinafter "Lucas") both in his official and individual capacities, and KRISTIE MALDONADO (hereinafter referred to as "Maldonado) both individually and as parent and natural guardian of JM, a minor and in support thereof avers as follows:

# INTRODUCTION

1.    This action is brought by a minor student, KL, who is eligible for special education services as a child with disabilities with the Dunmore School District, by and through his parents Joseph Locker (Father) and Stacey Locker (Mother), referred to collectively as Plaintiffs.

2.    Dunmore as well as Lucas have violated KL's Civil Rights under Section 1983 and the 14th Amendment, and intentionally discriminated against KL, a handicapped person, and therefore seek damages under the Americans with Disabilities Act, 42 U.S.C. Section 12111 (ADA) and Section 504 of the Rehabilitation Act of 1973 (Section 504), 29 U.S.C.A. Section 794, Title IV and Pennsylvania law.

3.    Plaintiffs also bring related claims including common law claims for negligence, intentional infliction of emotional distress, vicarious liability, and breach of contract for the incident where JM took and disseminated a pornographic photograph of the Plaintiff to other students within Dunmore.  Dunmore and its employees were aware of the students sharing this embarrassing and sensitive photograph and did little to no investigation.  Maldonado had dominion and control over the cellular device used by the minor, JM at the time that device was utilized to commit a willful tortious action against the Plaintiff, KL.

4.     Indeed, further embarrassment, injuries and losses to Plaintiffs could have been prevented by the exercise of reasonable diligence on the part of Defendants and were a highly predictable consequence of Defendants' failure to address the use of cellular devices on school property being utilized to disseminate pornographic photo to students by students in violation of the Plaintiffs rights and in violation of the Dunmore Student Handbook.

5.     Dunmore and Lucas' failure to take immediate and appropriate action when made aware of the dissemination of the photograph horrifically resulted in even further loss and damage to the Plaintiffs.  Defendants caused and/or failed to stop an attack on the Plaintiffs' dignity as a human being.

6.     Plaintiffs hereby respectfully request that this Honorable Court award them appropriate compensatory and punitive damages for the Defendants' egregious failure to meet their legal obligations to the Plaintiff under the Counts of the Complaint herein and more fully set forth below.

## PARTIES

7.     Plaintiff, KL is a male and minor individual who resides at 136 Willow Street, Dunmore, Lackawanna County, PA 18512.

8.     Plaintiff, KL, brings this action by and through his parents and natural guardians, Joseph Locker and Stacey Locker.

9.     Both Plaintiff Joseph Locker and Stacey Locker are adults and competent individuals residing at 136 Willow Street, Dunmore, Lackawanna County, PA 18512.

10.     At all times material hereto, the Plaintiffs were residents of Lackawanna County, the Commonwealth of Pennsylvania, located within the Middle District of Pennsylvania.

11.     At all times material hereto, the Plaintiff, KL, was enrolled in Dunmore Middle School, located in Dunmore, Lackawanna County, Pennsylvania, a public-school entity maintained, operated and/or controlled by the Dunmore School District.

12.     Defendant Dunmore School District is a governmental entity which pursuant to State law and with receipt of a substantial amount of Federal funds, provides educational services to school aged children residing in Lackawanna County, including Dunmore, Pennsylvania.  The School District is governed by a board of directors that is commissioned by the Commonwealth of Pennsylvania to administer, enforce, *inter alia*, the statutory mandates of the Individuals with Disabilities Education Act, 20 U.S.C. Section 1400, *et. seq* (hereinafter referred to as "IDEA") Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. Section 794 (herein referred to as "Section 504") and other related federally funded programs to eligible students enrolled in the District.  Dunmore School District's administrative

offices are located at 300 West Warren Street, Dunmore, Lackawanna County, PA 18512.

13.    Defendant Lucas is a competent adult individual who is believed to reside in Lackawanna County, Pennsylvania, and during the 2007-2008 school year was employed by the Dunmore School District as the Middle School Principal with a business address of 370 West Warren Street, Dunmore, Lackawanna County, PA 18512.

14.    Defendant Maldonado is the parent and natural guardian of minor Defendant, JM.  Maldonado is sued in both her individual capacity and her capacity as the parents and natural guardians of JM.  She is an adult and competent individual believed to be residing at 1109 Riverside Station Boulevard, Secaucus, Hudson County, New Jersey 07094.

## JURISDICTION AND VENUE

15.    This Court has jurisdiction over this action pursuant to 20 U.S.C. Section 1415(i)(2). Plaintiffs' claims arise from the IDEA and its implementing regulations, 34 C.F.R. part 300, et. seq.; Section 504 of the Rehabilitation Act of 1973; and Section 1983 of The Civil Rights Act of 1964 (hereinafter referred to as "Section 1983"), 28 U.S.C.S. Section 1331 provides that United States District Courts have original jurisdiction over matters where a federal question is raised in cases arising under the Constitution, laws, or treaties of the United States. 28 U.S.C.

Section 1343 provides that United States District Courts have original jurisdiction of any civil action to redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States. This Court exercises supplemental jurisdiction over Plaintiffs' state-law tort claims pursuant to 28 U.S.C. Section 1367.

16.     Venue is proper in this Court pursuant to 28 U.S.C. Section 1391(b) as the Defendants are located in this judicial district and conduct business within this Judicial District and all Plaintiffs reside and their claims arose within this Judicial District.

## **FACTUAL BACKGROUND**

17.     At the time of this incident, minor plaintiff KL was a fourteen (14) year old, eighth (8th) grade male student in the Dunmore Middle School within the Defendant Dunmore School District.

18.     Further, KL is eligible for special education services and has disabilities that impact his life.

19.     Specifically, KL was diagnosed in First Grade with Attention Deficit Hyperactivity Disorder (ADHD) and has been receiving special needs education ever since.

20.     While KL's educational instruction is substantially through a general education classroom and curriculum, he is entitled through an Independent Educational Plan to be granted several modifications including but not limited to:

   a.   taking quizzes and tests in a resource room;
   b.   [KL] will be allowed extended time to complete tests and quizzes;
   c.   The general education teacher will provide a copy of notes to [KL] for Science and Civics classes;
   d.   [KL] will be allowed the use of a calculator during math assessments.
   e.   Modified assessments: Limit 4 to 3 choice on multiple choice tests

21.     Additionally, Dunmore School District provides students with a handbook that puts forth the rules and regulations for students who attend Dunmore Middle School.

22.     The handbook contains the Dunmore Mission Statement which in part states that "all educational programs shall be **safe**, enjoyable and challenging, offering success to their participants" (emphasis added).

23.     Furthermore, in a statement to parents and students included in the handbook, Defendant Lucas states that "[a]s partners, we share the responsibly for each child's success and want you to know that we will do everything to carry out our responsibilities."

24.     Additionally, the statement reads that "[i]t is the responsibility of every student and family to become familiar with our procedures and expectations".

25.     Unfortunately, Defendants Dunmore and Lucas failed to live up to these expectations.

26.     On or about November 7, 2021, Plaintiffs were made aware by the Dunmore that Defendant JM used a cellular telephone provided by his parent to photograph Plaintiff KL inside of a bathroom stall in the Dunmore Middle School while he was urinating with his genitals exposed.

27.     KL remembered that a few days earlier, he requested to go to the restroom while in class.

28.     When KL went into the hallway, he was followed out of his classroom by JM.

29.     When KL entered the restroom, he immediately went into the stall.

30.     It was common knowledge amongst students at Dunmore that people were taking photographs and videos of students using the rest room so many students, like KL used the stalls to try and protect their privacy.

31.     KL knew JM was in the restroom and saw him in the stall next to him.

32.     Additionally, KL heard JM laughing while in the restroom.

33.     While walking back to class, JM told KL that he took a picture of him, but seemed to be saying it in a joking manner.

34.     At the time, KL did not believe that JM took a photograph.

35.     However, in a willful, intentional, cruel and degrading manor, Defendant JM used the cellular telephone provided by his parent in order to utilize the photograph to embarrass and harass his disabled classmate by disseminating it through the application Snapchat.

36.     Additionally, KL became aware through a published news story that JM is a transgender student who was born female.

37.     JM was allowed by Dunmore and Lucas to use the boy's restroom without regard for other minor students' privacy.

38.     At the time of this incident, JM, a biological female was in the boy's restroom with KL, a male minor student.

39.     Interestingly, the Handbook provided to students prohibits students from having their cell phones while in school requiring that upon entering the school, students must place all electronic devices in their locker or in device holders in their classrooms while they are in that particular class.

40.     Clearly, this was not enforced by Defendants the Dunmore School District or Lucas as JM had a cellular phone provided by his parents while he was on school property, during school hours.

41.     Additionally, it was common knowledge among staff and students alike, that the regulation regarding the use of cellular phones was not effectively enforced by the staff and administration of the Dunmore School District.

42.     Furthermore, in an effort to "safeguard[] against inappropriate invasions of persons privacy rights", the Handbook also prohibits the taking of videos and/or photographs of other students without their consent.

43.     Clearly, this portion of the Handbook was not being enforced by Defendants Dunmore or Lucas.

44.     Shockingly, Defendant JM then disseminated the pornographic photograph to other students.

45.     Another student informed Defendant Lucas of the existence of the photograph.

46.     After Defendant Lucas and the School Resource Officer (SRO) Springer became aware of the incident, an alleged investigation began.

47.     KL spoke with Lucas and SRO Springer and told them what had taken place on the day he was in the restroom with JM.

48.     Upon notifying KL's parents, Lucas told them that they believed JM took a pornographic photograph of KL, that the photograph was taken and shared on Snapchat, and because of the nature of Snapchat, there was nothing else the school could do to track down when and where the photograph was shared, which is simply not true.

49.     It is believed that JM was brought into Lucas's office and asked about incident, but nothing was done.

50.     No suspension or punishment was handed down by Dunmore or Lucas with respect to the violations of the Student Handbook by JM.

51.     Based on this simplistic and lackadaisical investigation, Lucas blatantly lied to Plaintiff Parents telling them that there was really nothing else that could be done to ensure that there was no photograph of their son out there or anyway to find out who had the photograph amongst the Dunmore students.

52.     Defendants Dunmore and Lucas had a duty to ensure the safety, security, dignity, and integrity of KL's educational setting, specifically where a student was being harassed, embarrassed and the subject of criminal activity by other students based on his disability.

53.     Lucas only asked JM some questions and simply decided to "sweep" the incident "under the rug".

54.     Having faith in the Dunmore School District and Lucas, Plaintiffs took their word that actions would be taken to ensure this would not continue within the district anymore, especially since it was common knowledge that there were other issues in the boy's restroom at the school.

55.     JM a minor, did not have the capacity to enter into a contract for cellular phone service.  As such, it is believed that Defendant Kristie Maldonado had dominion and/or control over the use of the cellular device in Defendant JM's possession.

56.     Furthermore, as JM's parent, Maldonado had the ability and duty to supervise how JM utilized the cellular device and failed to do so.

57.     The actions of Dunmore and Lucas, at all times relevant herein were carried out willfully, wantonly and maliciously with reckless disregard as to the consequences as to reveal a conscious indifference to the rights of KL and establishes intentional discrimination because of intentional and/or deliberate indifference toward Plaintiff's disability.

58.     Given the incidents that occurred at Dunmore Middle School as described herein, the failure of Dunmore and Lucas to enforce the Handbook rules and regulations among its student population created a dangerous environment for Plaintiff KL.

59.     Nothing was done to stop JM from discriminating, harassing or utilizing cellular devices in violation of the Handbook against other students in the Dunmore School District, specifically in this case, KL.

60.     Defendants Dunmore and Lucas had a policy and/or custom of ignoring actual knowledge of violations of KL's rights by both the District and other students, and failing to appropriately investigate situations where inappropriate conduct was reported and/or suggested; ignoring its mandatory reporting obligation; and discouraging teachers and students from reporting abuses in an effort to protect

themselves and their respective administrators, teachers, employees, and students from scandal, adverse publicity and/or accountability.

61.     Additionally, after and because of this incident, KL has continued to be bullied by students adding to the damages he suffered as a result of the underlying incident in the boy's restroom on the date in question.

62.     Plaintiff has suffered severe and permanent psychological damage, physical harm, and emotional distress as a direct and proximate result of Defendants' misconduct.

63.     As a direct and proximate result of the violations of the Plaintiff's civil rights, he was caused to suffer sustained shock and injury to his nerves and nervous system, including but not limited to, anxiety, depression, suicidal ideations, embarrassment, mental anguish, and other injuries as set forth more fully herein, and other severe and serious injuries, all of which are or may be permanent in nature.

64.     Due to the damages suffered by KL as noted above, the Plaintiff was required to be hospitalized for serious and severe suicidal ideations.

65.     KL continues to suffer from the damage caused by this incident to the date of this Complaint and into the future for an indefinite amount of time.

## COUNT I -VIOLATION OF CIVIL RIGHTS
### 42 U.S.C. Section 1983 and the I.D.E.A.
### Plaintiffs, Joseph and Stacy Locker, as parents and Natural Guardians of Minor, KL v. Defendants Dunmore School District and Christopher Lucas

66.    The preceding paragraphs are incorporated herein by reference as if fully set forth here at length.

67.    Upon information and belief, the Defendants have failed to provide Student with a free appropriate public education.

68.    As a further result, the Defendant's failure to implement a proper behavior management plan, failure to hire trained individuals in caring and instructing special needs children and the defendant's failure to property place KL in an appropriate setting where he would be free from physical abuse, mental abuse, and or harassment by other students, Plaintiffs will have to incur additional expenses for medical and educational services.

69.    The Defendants' failure to provide KL with a free appropriate education is a systematic legal violation which violates Student's civil rights.

70.    Defendants owed KL a duty to provide free appropriate public education under IDEA, 20 U.S.C. § 1400 et. seq.

71.    Defendants further owed KL a duty to ensure that he would receive educational services in a least-restrictive environment.

72.    Defendants also owed KL a duty of care to refrain from physical and mental abuse adequately in accordance with IDEA and the Pennsylvania Code.

73.     Defendants breached the duties described above by allowing another student to violate the rules and regulations of the Handbook, to which Defendants knew or should have known could lead to incidents like the one that has occurred here violating the Constitutional Rights of Plaintiff, KL.

74.     At all times material and relevant hereto, the actions and/or inactions of all Defendants were performed under color of state law while acting in their official capacities.

75.     Defendants Dunmore and Lucas caused the harm complained of herein in violation of IDEA and Civil Rights Act, 42 U.S.C. § 1983.

76.     The actions by the Defendants constitute a pattern and practice of failing to provide students with special needs and entitled to individual education plans (IEPs), and KL in particular, an appropriate education for his educational needs while protecting his privacy, bodily integrity and dignity as an individual with a disability.

77.     Plaintiff KL avers that Defendants had and have unconstitutional customs, policies and practices of failing to investigate evidence of School District employees failure to enforce rules and regulations in place along with failing to appropriately investigate misconduct, abuse and or harassment against Dunmore students by other Dunmore students in the nature of violations of their rights to personal security, bodily integrity, as well as their right to be free from misconduct

and/or abuse and/or harassment and/or discrimination, and failing to adequately supervise and train School District employees with regard to mandatory reporting obligations and maintaining, preserving and protecting students from violations of their right to personal security and bodily integrity.

78.     The conduct of Defendants, by and through their agents, employees, servants and officers and other School District personnel, as set forth above, acting under color of state law, in failing to put in place and enforce policies to adequately protect students from inappropriate conduct, was committed in deliberate and/or conscious disregard of the substantial and/or unjustifiable risk of causing harm to KL and was such as to shock the conscious. Said conduct was the cause of KL's harm.

79.     Plaintiff KL avers that the School District, by and through their agents, employees, servants and officers and other School District personnel, followed these unconstitutional policies, customs, and practices with regard to himself as hereafter set forth.

80.     The Defendants' actions constitute a conscious disregard for the plaintiff's student's rights to a free appropriate public education.

81.     The Defendants' actions were carried out willfully, wantonly, and maliciously and with such reckless disregard for the consequences as to reveal a conscious indifference to KL's rights to a free appropriate public education.

82.    As a result of the above-described violations, KL suffered damages.

83.    As noted above, Plaintiff has suffered severe and permanent psychological damage, physical harm, and emotional distress as a direct and proximate result of Defendants' misconduct.

84.    As a direct and proximate result of the violations of the Plaintiff's civil rights, he was caused to suffer sustained shock and injury to his nerves and nervous system, including but not limited to, anxiety, depression, suicidal ideations, embarrassment, mental anguish, and other injuries as set forth more fully herein, and other severe and serious injuries, all of which are or may be permanent in nature.

85.    The conduct described above violated Plaintiff, KL's Constitutional right to Substantive Due Process and his right to be free from invasion of his personal security and/or his right to bodily integrity, as guaranteed by the 14th amendment of the United States Constitution and as remediable by 42 U.S.C. Section 1983.

86.    Dunmore School District by and through their agents, employees, servants and officers and other School District personnel, is a policymaker for the purpose of implementing School District policies and customs.

87.    As a direct and proximate result of the above stated acts and omissions, Plaintiff KL has suffered such harm as has been previously stated here in for which he is entitled to be compensated.

88.     The compensation sought in this matter falls outside the scope of remedies available under the IDEA and therefore, the exhaustion of administrative remedies would be futile in this matter.

89.     Compensatory education, private school tuition reimbursement, private evaluations and prospective relief available as remedies under the IDEA do not address the underlying factually scenario as laid out above.

WHEREFORE, Plaintiffs demand the entry of judgment in their favor against Defendants, Dunmore School District and Christopher Lucas, jointly and severally, with an award of compensatory damages, interest, costs of suit, plus punitive damages, and such other relief as the Court deems necessary and appropriate.

### COUNT II -VIOLATION OF THE 14TH AMENDMENT
**Plaintiffs, Joseph Locker and Stacey Locker,**
**as parents and Natural Guardians of Minor, KL v.**
**Defendants Dunmore School District and Christopher Lucas**

90.     The preceding paragraphs are incorporated herein by reference as if fully set forth here at length.

91.     The Defendants' conduct in failing to provide KL with a free appropriate public education constitutes unlawful discrimination against KL and other special education children in violation of the equal protection clause of the 14th amendment and in violation of due process contrary to the 14th amendment to the United States Constitution.

92.    The above-described actions of the Defendants were the direct and proximate cause of Student's injuries aforesaid.

93.    By reason of the aforesaid, KL's civil rights were violated as guaranteed by federal statutes.

94.    As a result of the above-described violations, Plaintiffs have suffered damages as previously discussed.

95.    By reason of the aforesaid, including the conduct of the Defendants herein, the same shocks the conscience, so as to show minor KL's Civil Rights were violated as guaranteed by the federal statutes.

WHEREFORE, Plaintiffs demand the entry of judgment in their favor against Defendants, Dunmore School District and Christopher Lucas, jointly and severally, with an award of compensatory damages, interest, costs of suit, plus punitive damages, and such other relief as the Court deems necessary and appropriate.

### COUNT III -INDIVIDUALS WITH DISABILITY EDUCATION ACT
### 20 U.S.C. §1400 ET. SEQ.
**Plaintiffs, Joseph Locker and Stacey Locker,**
**as parents and Natural Guardians of Minor, KL v.**
### Defendants Dunmore School District and Christopher Lucas

96.    The preceding paragraphs are incorporated herein by reference as if fully set forth here at length.

97.    The Defendants have violated the rights of the named Plaintiffs under the Individuals with Disability Education Act (IDEA), 20 U.S.C. § 1400 et. seq. by

failing to identify, evaluate, and provide the minor students, specifically in this case KL, with a free appropriate public education and by allowing others to harass, mentally abuse and violate his personal integrity and dignity based on his disability as more particularly described above without KL's consent and in disregard to the law.

98.   As a result of the above-described violations, KL suffered damages previously described above.

WHEREFORE, Plaintiffs demand the entry of judgment in their favor against Defendants, Dunmore School District and Christopher Lucas, jointly and severally, with an award of compensatory damages, interest, costs of suit, plus punitive damages, and such other relief as the Court deems necessary and appropriate.

### COUNT IV – VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (ADA) 42 U.S.C. §12100 ET. SEQ.
**Plaintiffs, Joseph Locker and Stacey Locker, as parents and Natural Guardians of Minor, KL v. Defendant Dunmore School District**

99.   The preceding paragraphs are incorporated herein by reference as if fully set forth here at length.

100.   The ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the service, programs, or activities of a public entity, or be subjected to

discrimination by any such entity." 42 U.S.C. § 12132.

101.   KL is disabled. He is a special needs student who has documented disabilities which affect several major life activities.

102.   Despite his disabilities, KL was, at all times relevant hereto, a student who is otherwise qualified to participate in defendant Dunmore's educational programs with appropriate instruction, accommodation and/or supplemental services and supports for the purposes of the ADA.

103.   Defendant Dunmore failed to provide KL with appropriate educational and related services, accommodations and/or supplemental supports and services which he required in order to have proper access to Dunmore's programs and services to make appropriate developmental and educational progress equal to that provided to children who are not disabled or who do not have such disabilities.

104.  Dunmore's failure to provide a safe, appropriate educational environment to KL, and its failure to properly accommodate his disabilities, has exacerbated the impact of his disabilities, interfered with his ability to communicate with others, and to meaningfully participate with typically developing peers. Dunmore's failure has also deferred KL's ability to be engaged and be included in age-appropriate social, educational, and vocational programs, to take advantage of opportunities and services to which he would have had access if he had received appropriate related services and accommodations in a timely and effective manner.

Therefore, Dunmore's failure excluded KL from participating in the mainstream environment of his school, his community, his family and to equal access to educational benefits, as enjoyed by his non- disabled classmates **in safety** based on the needs of his specific disability, ADHD.

105.   Dunmore owed KL the duty of care to refrain and protect him from harassment, embarrassment and a degradation of his dignity based on his disability in accordance with the ADA, and specifically, owed him the duty to be free of discrimination and abuse because of his disabilities.

106.   Upon information and belief, Dunmore discriminated against KL because of his disabilities, as set forth herein, and further by failing to provide him with the same protections and opportunities that other students were provided, and by failing to protect him from the improper, cruel, and abusive treatment he suffered as a result of his disabilities.

107.   Dunmore, at all times relevant hereto, was aware that as a child with disabilities, KL had the right to be free of discrimination in the provision of his education, and despite that knowledge, Dunmore failed to ensure that improper actions by other students would not be perpetrated upon KL and when those improper activities did occur, failed to properly investigate those allegations based on KL's disability.

108. Furthermore, it is clear that Dunmore and its agents, servants and employees knew that violations of the Handbook were occurring and that that could reasonably lead to occurrences like the cruel and discriminatory treatment by other students, at Dunmore Middle School, yet Dunmore failed to properly train and supervise its staff, and failed to ensure that staff assigned to student were properly trained and supervised, allowing the current instance to take place.

109. Dunmore was deliberately indifferent to KL's federally protected right to be free from discrimination in his education, as well as his federally protected right to be provided a Free Appropriate Public Education (FAPE).

110. In placing KL in an educational environment in which he would be subject to his privacy being invaded and his dignity destroyed by allowing other students to blatantly violate Dunmore's own Rules in Regulations in place to protect students like KL, Dunmore knew or should have known that KL's rights were likely to be violated.

111. In failing to provide an appropriate educational environment, and to meet the educational needs of KL, a disabled student, as adequately as it met the needs of non-disabled students, Dunmore intentionally discriminated against KL because of his disabilities.

112. In failing to provide an appropriate educational environment, and to meet the educational needs of KL, a disabled student, as adequately as it met the

needs of non-disabled students, Dunmore was deliberately indifferent to KL's right to be free of discrimination because of his disabilities.

113.   Dunmore's actions constituted discrimination against him, on the basis of his disability, in violation of the ADA.

114.   As a result of these violations, as set forth herein, KL suffered damages as described above.

WHEREFORE, Plaintiffs demand the entry of judgment in their favor against Defendant, Dunmore School District, with an award of compensatory damages, interest, costs of suit, plus punitive damages, and such other relief as the Court deems necessary and appropriate.

### COUNT V – VIOLATION OF SECTION 504 OF THE REHABILITATION ACT 29 U.S.C. §794 ET. SEQ.
**Plaintiffs, Joseph Locker and Stacey Locker,
as parents and Natural Guardians of Minor, KL v.
Defendant Dunmore School District**

115.   Plaintiffs incorporate by reference the preceding paragraphs, including specifically all of the paragraphs in Count I, as though set forth fully at length.

116.   The Rehabilitation Act provides that "no otherwise qualified individual with a disability... shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance" 29 U.S.C. § 794(a).

117.   As a local educational agency, Dunmore receives federal financial assistance.

118.   In failing to provide an appropriate educational environment, and to meet the educational needs of KL, a disabled student, as adequately as it met the needs of non-disabled students, Dunmore intentionally discriminated against KL because of his disabilities.

119.   In failing to provide an appropriate educational environment, and to meet the educational needs of KL, a disabled student, as adequately as it met the needs of non-disabled students, KL was deliberately indifferent to KL's right to be free of discrimination because of his disabilities.

120.   As set forth in detail in Count II, Dunmore's actions constituted discrimination against him on the basis of his disability in violation of Section 504 of the Rehabilitation Act.

121.   As a result of these violations, as set forth herein, KL suffered considerable damages as described herein.

WHEREFORE, Plaintiffs demand the entry of judgment in their favor against Defendant, Dunmore School District, with an award of compensatory damages, interest, costs of suit, plus punitive damages, and such other relief as the Court deems necessary and appropriate.

**COUNT VI – DISCRIMINATION PURSUANT TO TITLE IX**
**(20 U.S.C. § 1681, *et. seq.*)**
**Plaintiffs, Joseph Locker and Stacey Locker,**
**as parents and Natural Guardians of Minor, KL v.**
**Defendants Dunmore School District and Christopher Lucas**

122.   The preceding paragraphs are incorporated herein by reference as if fully set forth here at length.

123.   The failure of Dunmore School District and Lucas to enforce policies and procedures set in place to protect students like KL and others, as set forth herein, was so severe that the Plaintiff KL, was deprived of access to educational opportunities and/or benefits provided by the Dunmore School District, in safety.

124.   Dunmore School District and Lucas created and/or subjected to the Plaintiff, KL, to a hostile educational environment in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a) (hereinafter referred to as "Title IX").

125.   At all times material hereto, the Plaintiff KL, was a member of a protected class.

126.   At all times material hereto, Plaintiff KL was subjected to an unsafe and hostile educational environment for a student with a disability such as ADHD.

127.   At all times material hereto, the Plaintiff KL, was subjected to

having a pornographic photograph taken of him and disseminated to other students in the form of discrimination by the District Defendants in their failure to enforce policies and procedures students and parents alike were ensured would be in place.

128.  At all times material hereto, KL was subject to harassment based on his disability.

129.  At all times material hereto, Plaintiff KL, was subjected to a hostile educational environment created by Dunmore and Lucas', either individually and/or jointly, lack of the enforcement of policies and procedures, and failure to properly investigate and/or address the lack of enforcement of policies and procedures students and parents were ensured were in place.

130.  Upon information and belief, Dunmore and Lucas, either individually and/or jointly, by and through its agents, servants, administration and/or employees, had actual knowledge of the harassment of Plaintiff KL.

131.  Dunmore and/or Lucas' failure to promptly and appropriately respond to the harassment which resulted in the Plaintiff KL, on the basis of his disability, being denied the benefits of a safe, secure and non-hostile education setting and being subjected to discrimination in the Dunmore School District's education programs in violation of Title IX.

132.  Dunmore and/or Lucas, either individually and/or jointly, failed to

take immediate and effective remedial steps to resolve the complaint that a photograph, both pornographic in nature and in harassment of Plaintiff KL based on his disability, and instead acted with deliberate indifference towards the Plaintiff, KL.

133. Dunmore and/or Lucas, either individually and/or jointly, persisted in its actions and inactions even after it has actual knowledge of the harm suffered by the Plaintiff, KL.

134. Thus, Dunmore and/or Lucas, either individually and/or jointly, engaged in a pattern and practice of unlawful behavior designed to discourage and dissuade students, such as KL, and the parents of students who had been harassed, embarrassed and had his dignity stripped from him from seeking prosecution and protection, and from seeking to have this incident fully investigated.

135. The unlawful policy and practice of Dunmore and/or Lucas, either individually and/or jointly, as set forth herein, constituted disparate treatment of disabled students and had a disparate impact on disabled students.

136. As the direct and proximate result of the actions and inactions of Dunmore and/or Lucas, either individually and/or jointly, KL has sustained the injuries and damages, as described herein.

137. Dunmore and/or Lucas, either individually and/or jointly, acted with

deliberate indifference with respect to addressing harassment that they knew had occurred and continued to occur.

138.   KL's educational experience was thereafter permeated with discriminatory intimidation, ridicule, embarrassment and insult that was sufficiently so severe and/or pervasive so as to alter the conditions of the KL's educational environment.

139.   As the direct and proximate result of Dunmore and/or Lucas' conscious, deliberate and/or intentional actions and/or omissions, either individually and/or jointly, KL has suffered, and will continue to so suffer, indefinitely into the future.

WHEREFORE, Plaintiffs demand the entry of judgment in their favor against Defendant, Dunmore School District, with an award of compensatory damages, interest, costs of suit, plus punitive damages, and such other relief as the Court deems necessary and appropriate.

## COUNT VII- 42 U.S.C. Section 1983 – FAILURE TO TRAIN AND SUPERVISE
### Plaintiffs, Joseph Locker and Stacey Locker, as parents and Natural Guardians of Minor, KL v. Defendant Dunmore School District

140.   Plaintiff incorporates the previous paragraphs of this complaint as if fully set forth at length herein.

141.   Dunmore along with their teachers, administrators, officers, board members, agents, and employees of Defendant were state actors working for defendant and received federal funding at all times relevant hereto.

142.   Dunmore along with their teachers, administrators, officers, board members, agents, and employees of Defendant acted under color of state law at all relevant times herein.

143.   Prior to and during the incident involving KL, Dunmore and other employees and officials of the School District knew about the blatant violations of the Handbook rules and regulations regarding the use of cellular devices within the school building and knew or should have known that in failing to enforce their own rules and regulations that an incident like the one involving KL that gives rise to this suit was likely to happen. Nonetheless, no appropriate, effective, or adequate steps were taken to protect KL.

144.   During the period of the incident, Dunmore and other school employees and officials of the School District became aware that a pornographic photograph was being disseminated via Snapchat throughout the Dunmore Middle School and that students were in violation of the Handbook. However, no proper inquiries were made, and no corrective action was taken leading to possible further dissemination of the inappropriate and cruel photo taken of KL without his consent.

145.   Dunmore and their teachers, administrators, officers, board members, agents and or employees knew or should have known that their response to any abuse, harassment, or discrimination allegations must comply with federal law.

146.   Dunmore failed to properly train and supervise their teachers, administrators, officers, agents, and/or employees as to mandated investigative requirements, which include:

   a. failing to take immediate and appropriate action to investigate or otherwise what occurred once informed of possible violations;

   b. failing to take prompt and effective steps to end the abuse, prevent its recurrence, and address its effects;

   c. failing to promptly report abuse and/or harassment of students including plaintiff KL, in accordance with their legal obligations; and

   d. failing to take reasonable and necessary steps to protect KL and other minor students from abuse, violations and/or from suffering collateral harms and injuries as described above.

147.   Dunmore's failure to train their teachers, administrators, officers, board members, agents and/or employees to deal with actual, apparent, or suspected criminal activity that is the direct, legal, and proximate cause of the harm suffered by KL.

148.   Dunmore's failure to provide proper and adequate training to their teachers, administrators, officers, agents, and/or employees constituted deliberate indifference to the presence of excessive risk of danger to the health, welfare and

safety of students at the Defendant School District, including Plaintiff KL.

WHEREFORE, Plaintiffs demand the entry of judgment in their favor against Defendants, Dunmore School District and/or Christopher Lucas, with an award of compensatory damages, interest, costs of suit, plus punitive damages, and such other relief as the Court deems necessary and appropriate.

### COUNT VIII
### VICARIOUS LIABILITY
**Plaintiffs, Joseph Locker and Stacey Locker,
as parents and Natural Guardians of Minor, KL v.
Defendants Dunmore School District and Christopher Lucas**

149.   The preceding paragraphs are incorporated herein by reference as if fully set forth here at length.

150.   Dunmore held Lucas out to be a trusted administrator and principal, specifically having him place a statement in the Handbook of rules and regulations.

151.   At all times material and relevant hereto, Lucas was acting as an agent, servant and/or employee of Dunmore, in performing the duties and functions empowered to him as a principal for the School District.

152.   In the course of performing his duties and functions, Lucas utilized the power, authority, and trust conferred upon him by virtue of his position as a principal.

153.   While acting within the scope of his employment with Dunmore, Lucas failed to appropriately investigate actions of minor students which was in violation of the previously described statutory and Constitutional rights of Plaintiff, KL, a

disabled minor and these actions and/or inactions were committed with the apparent authority of the Defendant Dunmore School District.

154.   By nature of the agency relationship between Dunmore, and by virtue of the frequent and consistent communication between defendants, Lucas and other employees and/or administrators, Lucas knew and had reason to know of the violations against KL.

155.   During the relevant time frame, in which Lucas was principal, he had day-to-day control over the manner of the enforcement of both the Handbook regulations and Dunmore's compliance with the statutory and Constitutional provisions alleged to have been violated here and how those objectives were accomplished within the Dunmore Middle School.

156.   In light of the aforementioned notice of violations against Plaintiff, KL, and in light of the complete lack of supervision over Dunmore's employees in enforcing sham policies in place to create a façade of protection for students like KL, it is not unexpected by Dunmore or Lucas that such an incident could and did occur.

157.   The tortious conduct of Lucas, as more fully set forth in this Complaint, was directly related to his employment with Dunmore as a principal.

158.   As such, Dunmore is vicariously liable for the tortious actions of Defendant Lucas and/or any other employee.

WHEREFORE, Plaintiffs demand the entry of judgment in their favor against Defendants, Dunmore and Christopher Lucas, jointly and severally, with an award of compensatory damages, interest, costs of suit, plus punitive damages, and such other relief as the Court deems necessary and appropriate.

**COUNT IX**
**NEGLIGENCE**
**Plaintiffs, Joseph Locker and Stacey Locker,**
**as parents and Natural Guardians of Minor, KL v.**
**Defendants Dunmore School District and Christopher Lucas**

159.   The preceding paragraphs are incorporated herein by reference as if fully set forth here at length.

160.   At all times material and relevant hereto, Lucas was acting in the scope and authority of their employment within Dunmore.

161.   Lucas was required, as per the Department of Education, to maintain his professional certificates, and keep the same current and active.

162.   The Pennsylvania Department of Education, through its teachers' certification process ensures that teachers, administrators, and counselors are properly trained.

163.   At all times material and relevant hereto, the teachers, administrators, and counselors of Dunmore were also responsible for ensuring that each of its employees were adequately trained.

164.    Under Pennsylvania law, Section 504 and the ADA, the School District, by and through its agents, servants and employees breached the following duties herein included.

165.    The negligence, carelessness and recklessness of Dunmore constituted of the following:

    a.  Failure to properly supervise subordinates;

    b.  Failure to comply with federal, state and school district statutes, laws, regulations, policies and practices and customs;

    c.  Failure to endeavor to maintain the health, safety, and welfare for the students;

    d.  Failure to arrange for the creation, revision and publication of the schools' regulations, policies, and procedures;

    e.  Failure to hold in-service training;

    f.  Failure to work with teachers and supervisors to ensure education programs are delivered to each student consistent with the teachers' lesson plans as may be individualized education or program;

    g.  Failure to ensure that students state created right to a free and appropriate public education was not denied, absent due process of law;

    h.  Failure to ensure that all students with disabilities as well as those without are treated equally under applicable local, state and federal policies, rules, regulations and statutes;

    i.  Failure to ensure that KL's educational plan was adequate to meet his needs, and that his program was safe, appropriate and properly supervised, free from unreasonable and foreseeable risks of harm and provided a proper grouping of students;

j.  Failure to supervise the district staff, its program, plaintiff KL and other students;

k.  Failing to exercise reasonable care under all the existing circumstances.

l.  Failing to appropriately investigate claims of harassment, invasion of privacy and criminal acts committed upon a student, specifically a student with a disability, by other students under their dominion and control.

166.   The negligence, carelessness and/or recklessness of Dunmore, by and through its agents and/or employees, as outlined above, was the proximate cause of the injury sustained by KL as outlined herein.

167.   As a result of the negligence, careless and/or recklessness of Dunmore, by and through its agents and/or employees, as described herein, and the individual Defendants, KL was photographed, without his consent in a pornographic manner; that photo was disseminated, Dunmore failed to immediately and appropriately protect the rights of KL based on his disability and Plaintiff suffered damages as a direct and proximate result.

168.   By reason of the negligence, carelessness, and recklessness of Dunmore, by and through its agents and/or employees as described above, KL has sustained serious and permanent personal injuries, as a result of which he has suffered and yet suffers and shall continue to suffer for an indefinite period of time into the future.

WHEREFORE, Plaintiffs demand the entry of judgment in their favor against Defendants, Dunmore School District and Christopher Lucas, jointly and severally, with an award of compensatory damages, interest, costs of suit, plus punitive damages, and such other relief as the Court deems necessary and appropriate.

### COUNT X
### BREACH OF CONTRACT
**Plaintiffs, Joseph Locker and Stacey Locker,
as parents and Natural Guardians of Minor, KL v.
Defendant Dunmore School District**

169.   The preceding paragraphs are incorporated herein by reference as if fully set forth here at length.

170.   Dunmore and Lucas, either individually and/or jointly, by and through their agents, servants, administration and/or employees, breached the Dunmore Middle School Student Handbook when they wholly neglected to do and perform certain things which were expressly or by implication required to be done and performed.

171.   The Dunmore Middle School Student Handbook operates as a valid and binding contract by and between Dunmore and the students in Defendants' District, such as the minor-Plaintiff, KL.

172.   The material omissions and/or failures of the District Defendants, either individually and/or jointly, by and through their agents, servants, administration and/or employees, consisted of, but are not limited to, the following:

a. Failing to conduct an immediate formal investigation of the allegation that harassment, bullying and/or criminal activity had taken place with KL as the victim;

b. Failing to inform the minor-Plaintiff, KL through his parents and natural guardians, of his rights and of the complaint process;

c. Failing to prepare a written report summarizing the investigation and recommending disposition of the complaint;

d. Failing to take prompt corrective action to ensure that continued harm to Plaintiff KL would not occur;

e. Failing to abide by the KL's, Educational Plan;

f. Failing to abide by the KL's, Service Agreement in violation of the Rehabilitation Act of 1973 (20 U.S.C.A, § 794);

g. Failing to protect KL, as a victim of violations of both his rights and the Student Handbook;

h. Failing to expel, remove or transfer minor Defendants immediately for acts constituting expellable offenses under the Student Handbook;

i. Failing to act in accordance with the Public-School Code as identified in the Student Handbook; and

j. Failing to act in accordance with Title IX as identified in the Student Handbook.

173. Dunmore and Lucas, either individually and/or jointly, by and through their agents, servants, administration and/or employees, have refused, and continue to so refuse, to cure the aforementioned breaches, despite Plaintiffs repeated demands.

174.   As the direct and proximate result of the above breaches, the Plaintiff has been damaged in an amount to be determined at trial.

WHEREFORE, Plaintiffs demand the entry of judgment in their favor against Defendants, Dunmore School District and Christopher Lucas, jointly and severally, with an award of compensatory damages, interest, costs of suit, plus punitive damages, and such other relief as the Court deems necessary and appropriate.

## COUNT XI
## NEGLIGENT ENTRUSTMENT
**Plaintiffs, Joseph Locker and Stacey Locker ,
as parents and Natural Guardians of Minor, KL v.
Kristie Maldonado, in her individual capacities**

175.   Plaintiffs hereby incorporate and reaver the allegations contained in the preceding paragraphs as if set forth herein at length. The preceding paragraphs are incorporated herein by reference as if fully set forth here at length.

176.   In today's day and age, where almost daily, we see individuals, specifically minors, attempting to gain fame via the internet and social media applications through dangerous or criminal acts, it is not unreasonable to think that minors who are provided cellular telephones could attempt to utilize the camera and/or unrestricted access to social media applications and phone capabilities, including but not limited to Airdrop, text messaging and Snapchat, could potentially be utilized by minors to cause harm to others.

177.   The stories of cellular telephones being utilized in these types of situations is glorified by social media, the news media and other media outlets.

178.   It is almost impossible to be immune to the fact that cellular phone usage by minors is potentially dangerous and harmful to not only the minor child entrusted with the phone but to those who can be recorded via photograph or video, or what the child can be exposed to when allowed by the owner of the phone to have unrestricted access to the internet and communication with others.

179.   Daily we see the harm that can be caused by minors and their utilization of what was once a way to maintain contact with family members or to let others know you are safe have turned into handheld computers that give you access around the world all while sitting in a classroom or a lavatory.

180.   Cellular telephone technology, as suggested above, gives the user access to disseminate data, video, photographs and information to hundreds of people in just the simple touch of a button in the palm of your hand.

181.   With that power comes great access to act negligently, carelessly and/or recklessly causing harm to others.

182.   Specifically in this case cellular telephones provided to the minor JM, allowed them to act negligently, carelessly,  and recklessly causing harm to Plaintiff, KL.

183.   Parents must realize that minors often don't realize the consequences of their actions and when armed with a handheld computer, the ability to act negligently, carelessly and/or recklessly and cause harm to others is vast with no ability to retract the damage that can be done.

184.   Cyberbullying and its effects on children have riddled throughout the media since as early as 2007.   The ability minors hold in their hands when unrestricted or unmonitored has become common knowledge in our society.

185.   Kristie Moldonado is the parent and natural guardian of JM and was the owner and in dominion and control of the cellular telephone and the cellular service plan used by JM to obtain and disseminate the photograph in question to other students.

186.   Maldonado knew or should have known that her child could likely use the cellular phone in a manner that may unreasonably harm others, specifically in this case Plaintiff KL.

187.   Maldonado was negligent in entrusting her minor child with cellular telephones as follows:

  a. Failing to monitor her child's usage of cellular telephone they provided as to the use of applications and recording of others;

  b. Failing to utilize parental controls to ensure that her minor child was not engaged in negligent, careless or reckless activities utilizing the cellular telephones that she provided to the minor;

     c. Providing unrestricted sharing and access, either via cell phone signal or internet access, to cellular telephones she provided to her minor child during school hours in violation of Dunmore's Student Handbook; and

     d. Failing to block applications that allow children to share or engage in publicly sharing or receiving pornographic material on cellular devices she provided to her minor child.

188. Maldonado's negligent entrustment of the cellular telephone was a direct and proximate cause of Plaintiff, KL's harm and damages.

WHEREFORE, Plaintiffs demand the entry of judgment in their favor against Defendant, Kristie Maldonado, with an award of compensatory damages, interest, costs of suit, plus punitive damages, and such other relief as the Court deems necessary and appropriate.

## COUNT XII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
**Plaintiffs, Joseph Locker and Stacey Locker, as parents and Natural Guardians of Minor, KL v. Christopher Lucas and Kristie Maldonado, as parent and natural guardian of JM**

189. The preceding paragraphs are incorporated herein by reference as if fully set forth here at length.

190. The conduct of Defendant JM, as set forth above, including the production and dissemination of the photograph in question, constituted outrageous conduct utterly intolerable in a civilized society, and that conduct led to severe emotional distress for the Plaintiff.

191. Defendant Lucas, in failing to appropriately investigate the allegations of the photograph in question, intentionally, recklessly and/or deliberately inflicted extreme emotional distress upon Plaintiff by his failure to take action with respect to stopping the dissemination of the photograph and removing those responsible from KL's education setting.

192. Named Defendants are therefore liable to Plaintiff for intentional infliction of emotional distress.

WHEREFORE, the Plaintiffs demand judgment be entered against, Christopher Lucas and Kristie Maldonado, as parent and natural guardians of JM, jointly and severally, with an award of compensatory damages, interest, costs of suit, plus punitive damages, and such other relief as the Court deems necessary and appropriate.

**<u>COUNT XIII</u>**
**<u>PUNITIVE DAMAGES</u>**
**Plaintiffs, Joseph Locker and Stacey Locker,**
**as parents and Natural Guardians of Minor, KL v.**
**<u>All Defendants</u>**

193.   The preceding paragraphs are incorporated herein by reference as if fully set forth here at length.

194.   The aforementioned conduct of the Defendants was outrageous and/or done willfully, wantonly, and/or with reckless indifference to the rights of KL.

195.   Defendants Dunmore and Lucas knew their acts to conceal the known dissemination of an unlawfully obtained pornographic video by minor Defendants and to not fully investigate, remove the students involved or take action to protect KL from further harm, created an unreasonable risk that incidents similar to this would continue to occur.

196.   Nevertheless, Dunmore and Lucas' continuous and systematic conduct, was intentional and malicious, and thereby exhibited reckless indifference to the rights, safety and well-being of special educations students, including KL.

197.   Minor Defendant's actions were outrageous and/or done willfully, wantonly, and/or with reckless indifference to the harm it would cause to KL.

198.   Defendants, all of them in their own right, and with full knowledge of the risk of harm to KL, outrageously, maliciously, wantonly, and willfully caused the harm and damages to KL.

199.   Additionally, Defendants Dunmore and Lucas, upon knowledge of the existence of the video, deliberately failed to report said abuse as required under Pennsylvania's Child Protective Services Law, 23 Pa.C.S.A. Section 6302, *et. seq.,* in conscious disregard of the aforementioned risk of harm to their students, including KL.

200.   As a direct and proximate result of the reckless, outrageous, wanton, willful and malicious conduct of Defendants, KL has incurred damages.

201.   As a direct and proximate result of Defendants' reckless, outrageous, wanton, willful and malicious conduct, KL has suffered a loss of life's pleasures.

202.   The conduct of the Defendants was extreme and outrageous conduct, which conduct was committed in willful, wanton, reckless, and in total disregard to the rights, safety and well-being of KL entitling Plaintiffs to an award of punitive damages, and claim is made therefore.

WHEREFORE, Plaintiffs demand the entry of judgment in their favor against all Defendants, jointly and severally, with an award of compensatory damages, interest, costs of suit, plus punitive damages, and such other relief as the Court deems necessary and appropriate.

## COUNT XIV
## DEMAND FOR ATTORNEY'S FEES

203.   The preceding paragraphs are incorporated herein by reference as if fully set forth here at length.

204.   Statutes raised in Counts IV and V of this Complaint contain fee shifting provisions.

205.   Given the likelihood of success of these claims, Plaintiffs seek full reimbursement for fees and costs associated with this present litigation under Section 504 in the ADA.

206.   Plaintiffs reserve the right to amend and submit their invoices regarding attorneys' fees and costs associated with litigation relating to this matter through a subsequent fee petition, if necessary.

WHEREFORE, Plaintiffs respectfully request this Honorable Court award judgment to the Plaintiffs respectfully request this Honorable Court award judgment to the Plaintiffs and against defendant, Dunmore School District, for reasonable attorney's fees and costs under Section 504 and ADA.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs seek monetary damages and reasonable attorney's fees and costs under Section 504, ADA and Pennsylvania law, inter alia, from the Defendants, including the following:

1.   Assume jurisdiction over this action;

2.   Enter Judgment for an award of damages pertaining to educational and emotional harm associated with the Defendants' conduct as described in the Complaint against the Defendants

3.   Order appropriate monetary relief, and declare the Defendants to be in violation of Section 504, the ADA, Section 1988 and other Federal and Pennsylvania laws;

4.   Order the Defendants to compensate Plaintiffs for the reasonable attorney's fees and related costs associated with the present litigation, pursuant to Section

504, ADA, Section 1988 and other Federal Laws.

5.      Award compensatory damages to KL and Plaintiffs for injuries, pain and suffering, both past, present and future as well as punitive damages;

6.      Order to change the policy, practice and customs regarding disability discrimination described herein;

7.      Grant such other relief as this Court deems proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial, pursuant to the Seventh Amendment to the Constitution of the United States, as to all claims for damages.

Respectfully submitted:

**THE MATTIOLI LAW FIRM**

By:     ***/s/ Jason J. Mattioli***
        Jason J. Mattioli, Esquire
        Jaylaw344@yahoo.com
        Pa. ID: 88766

        ***/s/ Michael J. Ossont***
        Michael J. Ossont, Esquire
        Mjossont.mlf@gmail.com
        Pa. I.D.: 310437

        ***/s/ David S. Sweetman***
        David S. Sweetman, Esquire
        dsweetmanlaw@gmail.com
        Pa. I.D.: 330390
        425 Biden Street, Ste 300
        Scranton, PA 18503
        *Attorneys for the Plaintiffs*